UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TETRA PAK INC., a Texas corporation, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| QUALITY INTERNATIONAL ENTERPRISES, INC., an Ohio corporation, | ) ) ) ) |
| Defendant. | ) ) |

FILED: AUG 19, 2008
Case No. 08CV4717
JUDGE LEFKOW
MAGISTRATE JUDGE COX
RCC

## COMPLAINT AT LAW

Plaintiff, TETRA PAK INC., by its attorneys, complains of defendant, QUALITY INTERNATIONAL ENTERPRISES, INC., as follows:

### Parties

1.  Plaintiff, Tetra Pak Inc. ("Tetra Pak"), is a corporation organized under the laws of the State of Texas and has its principal place of business in Vernon Hills, Illinois.

2.  Defendant, Quality International Enterprises, Inc. ("QIE"), is a corporation organized under the laws of the State of Delaware and has its principal place of business in Tallmadge, Ohio.

### Jurisdiction & Venue

3.  This Court has diversity jurisdiction of this matter in that it is a civil action between citizens of different states in which the amount in controversy exceeds, exclusive of costs and interest, Seventy Five Thousand Dollars ($75,000). 18 U.S.C. § 1332, et seq.

4. Venue is proper in the United States District Court for the Northern District of Illinois in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, including but not limited to the negotiations with Tetra Pak's agents and employees located at plaintiff's in Vernon Hills, Illinois concerning the general terms and pricing for the goods. 28 U.S.C. § 1391(a)(2).

5. QIE has also consented to personal jurisdiction in this forum pursuant to the terms and conditions of the contracts entered into between the parties.

## COUNT I – Breach of Contract

6. Plaintiff Tetra Pak is engaged in the business of manufacturing and selling packaging materials and packaging machinery in Lake County, Illinois, and elsewhere.

7. Defendant QIE is engaged in the business of distributing wooden pallets, boxes, and other packaging materials.

8. On or about September 12, 2007 through and including April 4, 2008, plaintiff and defendant entered into a series of written contracts whereby plaintiff would produce and sell packaging materials to defendant and, in exchange, defendant agreed to pay plaintiff for the packaging materials.

9. From September 12, 2007 through April 4, 2008, QIE submitted multiple purchase orders to Tetra Pak for various chilled carton packaging materials and, pursuant to the terms and conditions of the order acknowledgements that plaintiff submitted to defendant in response to those purchase orders, Tetra Pak produced and delivered the requested packaging materials to QIE in the total aggregate sum of Two Hundred Thirty Nine Thousand Six Hundred Eighty Three Dollars and Seventy Nine

Cents ($239,683.79) as reflected in those invoices attached as Exhibit A and incorporated by reference.

10. The packaging materials were delivered to defendant.

11. Defendant accepted the packaging materials produced by plaintiff.

12. The terms and conditions of the invoices required payment "NET 30 DAYS," or within thirty days of delivery of the packaging materials.

13. After allowing defendant QIE all credits and set-offs for which it may be entitled, defendant owes plaintiff One Hundred Seventy Four Thousand Seven Hundred Thirteen Dollars and Twenty Two Cents ($174,713.22) for the packaging materials sold, delivered and accepted.

14. Since September 2007, defendant has failed and refused and continues to fail and refuse to pay all of the amounts owed on the past due invoices.

15. Tetra Pak has fulfilled each and every one of its obligations under the terms of its contracts with defendant QIE.

16. As a result of defendant's breaches of contract, plaintiff has incurred damages in the sum of $174,713.22 for defendant's refusal and failure to pay for goods sold, delivered and accepted.

17. Pursuant to the terms and conditions of the order acknowledgments and purchase orders, "[i]f Tetra Pak is required to place a claim for amounts past due from buyer with an attorney for collection, Buyer will be liable for the reasonable attorneys fees and costs incurred by Tetra Pak thereby."

18.  QIE's refusal and failure to pay has also been unreasonable and vexatious, thus entitling plaintiff to pre-judgment interest at the rate of five percent (5%) per year, pursuant to the Illinois Interest Act, 815 ILCS 205/1, et seq.

WHEREFORE, plaintiff, TETRA PAK INC., requests judgment in its favor and against defendant, QUALITY INTERNATIONAL ENTERPRISES, INC., in the sum of $174,713.22, plus costs, attorney's fees and statutory pre-judgment interest.

TETRA PAK INC.

By: _____
One of its Attorneys

John T. Wagener
Arnstein & Lehr LLP
120 S. Riverside Plaza
Suite 1200
Chicago, IL  60606
(312) 876-7100
ARDC NO. 06186342
8139207.2